**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RONALD PANNELL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Civil Action No. 20-0518 (CKK) |

**MEMORANDUM OPINION & ORDER**
(March 2, 2026)

In this case, Plaintiff Ronald Pannell seeks damages from the United States under the Federal Tort Claims Act for injuries he suffered when Deputy U.S. Marshals arrested him in this District in December 2013. The United States has moved for summary judgment, arguing that the undisputed facts show that it is entitled to judgment in its favor because the deputies used reasonable force to arrest Mr. Pannell. In opposition to the Government's motion, Mr. Pannell argues that there is a genuine and material dispute of fact about whether the deputies unreasonably continued to use force after they had subdued him.

This Court referred the matter to Magistrate Judge G. Michael Harvey for a report and recommendation. Magistrate Judge Harvey now recommends denying the United States' motion because there is a genuine, material dispute about whether Mr. Pannell was subdued or continuing to resist arrest at the time that the deputies ceased using force against him.

The United States filed objections to the report and recommendation, and Mr. Pannell responded. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the

---

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto:
- The United States' Motion for Summary Judgment ("Def.'s Mot."), Dkt. No. 40;
- Plaintiff Pannell's Opposition to the Motion for Summary Judgment ("Pl.'s Opp'n"), Dkt. No. 41;

1

entire record, the Court shall **ADOPT** the Report and Recommendation, subject to one revision, and **DENY** the Defendants' [40] Motion for Summary Judgment.

## I. BACKGROUND

As described at greater length in Magistrate Judge Harvey's Report and Recommendation, this case arises from an incident in which Deputy U.S. Marshals executed a warrant for Mr. Pannell's arrest on a charge of assault with a deadly weapon.[2] *See* R. & R., Dkt. No. 45, at 2–6. In preparation for this arrest, the deputies involved were briefed that Mr. Pannell had a history of fleeing arrest and assaulting law enforcement. They were also briefed that Mr. Pannell might be armed because the gun allegedly used in the charged assault had not yet been recovered.

The confrontation began when deputies in unmarked vehicles surrounded a car in which Mr. Pannell was sitting. Mr. Pannell left the vehicle and began to run. As he fled, he made physical contact with one of the deputies, who fell to the ground and suffered minor injuries.

---

- The United States' Reply in Support of the Motion for Summary Judgment ("Def.'s Reply"), Dkt. No. 43;
- The Report and Recommendation filed by Magistrate Judge G. Michael Harvey ("R. & R."), Dkt. No. 45;
- Plaintiff Pannell's Objections to the Report and Recommendation ("Pl.'s Objs."), Dkt. No. 47;
- The United States' Response to the Plaintiff's Objections ("Def.'s Resp."), Dkt. No. 49;
- Plaintiff Pannell's Reply to the United States' Response (Pl.'s Reply"), Dkt. No. 50.

In an exercise of its discretion, the Court concludes that oral argument is not necessary to the resolution of the issues pending before the Court. *See* LCvR 7(f).

[2] Mr. Pannell admitted some of the relevant facts as part of the factual proffer in support of a guilty plea to a charge of assaulting, resisting, or impeding certain officers in violation of 18 U.S.C. § 111(a)(1). *See* Gov't's Stmt. of Offense in Support of Def.'s Plea of Guilty, Dkt. No. 41-6. This Court agrees with Magistrate Judge Harvey that these facts should be deemed undisputed for purposes of the present motion under the doctrine of judicial estoppel. *See* R. & R. at 2 n.3. As Magistrate Judge Harvey noted, "the application of the doctrine[] of judicial estoppel . . . to preclude the relitigation of facts admitted in a Rule 11 proceeding is not settled law in this jurisdiction." *Id.* (quoting *Jenkins v. District of Columbia*, 4 F. Supp. 3d 137, 144 (D.D.C. 2013) (RMC)). However, Circuit precedent supports the conclusion that judicial estoppel should preclude relitigation of the facts offered in support of a guilty plea in a later civil case where, as here, the United States is the opposing party in the later proceeding. *See Otherson v. Dep't of Just., I.N.S.*, 711 F.2d 267, 277 (D.C. Cir. 1983) (explaining that "a prior guilty plea 'constitutes estoppel *in favor of the United States* in a subsequent civil proceeding'" (quoting *United States v. Podell*, 572 F.2d 31, 35 (2d Cir.1978))).

The deputies pursuing Mr. Pannell identified themselves as law enforcement and told Mr. Pannell to stop, but he later testified that he did not hear them. Mr. Pannell continued to run and eventually reached an alley, where he hid in the basement stairwell of a home.

Two deputies found Mr. Pannell in the stairwell, and a physical struggle ensued. The parties dispute the sequence of events that followed. However, it is undisputed that, while attempting to arrest Mr. Pannell, one deputy punched Mr. Pannell in the face at least once with a closed fist, one deputy tased him in the back, and both deputies wrestled with Mr. Pannell in an attempt to bring him to the ground. Two other deputies eventually joined them and struck Mr. Pannell multiple times, attempting to subdue him.

At some point—the parties dispute exactly when and in what sequence—the deputies tased Mr. Pannell a second time from close range, brought him to the ground, and placed him in handcuffs, one hand after the other.

Mr. Pannell and the deputies later gave conflicting testimony about the timing of the deputies' use of force as they subdued him.

Mr. Pannell testified that the deputies hit and kicked him multiple times in the face and all over his body, over the course of several minutes, while they had him pinned to the ground, face-down. *See* Tr. of Dep. of Ronald Pannell ("Pannell Dep.") at 44:6–23, 47:5–11, 51:17–22, 52:13–22, 53:8–22. Mr. Pannell testified that at the time of these strikes, the deputies had cuffed his right hand behind his back and that his left hand was pinned down by of the force of the deputies holding him to the ground. *Id.* at 53:8–22. He further testified that while he was pinned down, he could not move any part of his body and was not resisting arrest. *Id.* at 56:4–15. After the deputies tased Mr. Pannell a second time, they pulled his left arm back behind him and placed his left hand in cuffs. *Id.* at 57:14–13. According to Mr. Pannell, he "was still being punched" as the deputies

3

placed his second hand in cuffs. *Id.* at 57:15–17. Consistent with this testimony, Mr. Pannell stated in response to an interrogatory that he was eventually "placed in handcuffs after which [he] was again struck in [his] face, ribs, and back." Pl.'s Resps. to Def.'s First Set of Interrogatories ("Pl.'s Resps."), Dkt. No. 41-5, at 11.

The deputies testified that Mr. Pannell continued to resist arrest until both of his hands were in handcuffs, including by attempting to move his hands underneath his body so that the deputies could not reach them.[3] Three of the deputies testified that once both of Mr. Pannell's hands were cuffed, all of the deputies stopped striking him.[4]

Mr. Pannell suffered multiple injuries during this incident, including kidney pain, testicular pain, blurred vision, elevated blood pressure, and back pain.[5] Mr. Pannell alleges that these injuries required hospitalization for approximately one week.

Mr. Pannell later brought suit for damages against the individual deputies under the rule of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and against the United States under the FTCA. The individual deputies moved to dismiss Mr. Pannell's *Bivens* claims, and Mr. Pannell conceded that dismissal of those claims was appropriate. Accordingly, this Court dismissed Mr. Pannell's claims against the individual officers. The parties then proceeded with discovery on his FTCA claim against the United States.

The United States then moved for summary judgment, arguing that it is entitled to judgment as a matter of law on Mr. Pannell's FTCA claim because the undisputed facts show that the

---

[3] *See* Tr. of Dep. of John Hale ("Hale Dep.") at 50:2–11; Tr. of Dep. of John Shindledecker ("Shindledecker Dep.") at 44:5–14, 51:22–52:18; Tr. of Dep. of Travis Messinger ("Messinger Dep.") at 62:14–18, 64:17–18, 65:18–68:1; Tr. of Dep. of Aaron Ward ("Ward Dep.") at 41:2–56:19, 72:2–13.

[4] Shindledecker Dep. at 68:11–18; Messinger Dep. at 69:19–70:1; Ward Dep. at 73:21–74:2.

[5] Mr. Pannell also alleges that he suffered a fractured cornea as a result of this incident, but the United States disputes the causal connection between this injury and the events leading up to Mr. Pannell's arrest. *See* Def.'s Objs. at 2.

deputies used reasonable force to arrest Mr. Pannell.  Mr. Pannell opposes the Government's motion, arguing that there is a genuine and material dispute of fact about whether the deputies continued to use force after they had subdued him.

This Court referred the United States' motion to Magistrate Judge G. Michael Harvey for a report and recommendation, and Magistrate Judge Harvey recommended denying the motion on the grounds that there is a genuine dispute of material fact about whether the deputies unreasonably continued to use force after they had subdued Mr. Pannell.  *See* R. & R., Dkt. No. 45.  The United States filed objections to Magistrate Judge Harvey's report and recommendation, to which Mr. Pannell responded.  *See* Def.'s Objs., Dkt. No. 47; Pl.'s Resp., Dkt. No. 49; *see also* Def.'s Reply, Dkt. No.

This matter is now ripe for resolution.

## II. LEGAL STANDARD

When a party files a timely objection to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's determination *de novo*.  Fed. R. Civ. P. 72(b)(3); LCvR 73.d(d).

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  A genuine issue of material fact is an issue that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When evaluating a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

## III. ANALYSIS

**A. Whether the deputies continued to use force after subduing Mr. Pannell is a material fact that is genuinely in dispute.**

As Magistrate Judge Harvey correctly concluded, the liability of the United States in this case depends on whether the four Deputy U.S. Marshals used excessive force while arresting Mr. Pannell. *See* R. & R. at 9–11.

The Federal Tort Claims Act ("FTCA") allows damages claims against the United States for injuries arising from the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment, including claims that federal law enforcement officers committed assault and battery while performing their official duties. *See* 28 U.S.C. §§ 1346(b), 2401(b), 2671–2680.

Courts determine tort liability under the FTCA by applying "the law of the place where the alleged acts or omissions occurred." *Harris v. U.S. Dep't of Veterans Affs.*, 776 F.3d 907, 911 (D.C. Cir. 2015). Because the arrest in this case occurred in this District, the Court applies D.C. law. Under D.C. law, law enforcement officers have "a qualified privilege to commit" assault and battery "when using 'reasonable force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary.'" *Id.* (indirectly quoting *Etheredge v. D.C.*, 635 A.2d 908, 916 (D.C. 1993)).[6] When determining whether a use of force was "reasonable," a court must adopt "the perspective of a reasonable officer on the scene," without the benefit of hindsight. *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

---

[6] It is undisputed that the acts at issue in this case would constitute assault and battery in the absence of this privilege. Under D.C. law, assault is "an intentional attempt or threat to do physical harm to another," and battery is "an intentional act that causes harmful or offensive bodily contact." *Harris*, 776 F.3d at 911 (citing *Evans–Reid v. District of Columbia*, 930 A.2d 930, 937 (D.C. 2007)).

Under these standards, the United States is entitled to summary judgment on an FTCA claim for assault and battery arising from an arrest unless a reasonable fact-finder "could conclude that the excessiveness of the force is so apparent that no reasonable officer could have believed in the lawfulness of his actions." *Harris*, 776 F.3d at 913 (quoting *Wardlaw v. Pickett*, 1 F.3d 1297, 1303 (D.C. Cir. 1993)). However, "genuine issues of material fact about what occurred during [an] arrest" can preclude summary judgment in an excessive-force case. *Id.* at 913.

In this case, Mr. Pannell has not argued that the deputies used excessive force when they tased him twice or when they repeatedly struck him while attempting to subdue him. *See* R. & R. at 11–13. It is also undisputed that Mr. Pannell was not subdued until the officers tased him the second time. *See id.*

However, there is a genuine factual dispute about whether the deputies later used excessive force by continuing to strike Mr. Pannell after having subdued him. Simply put, Mr. Pannell says that the deputies continued to strike him after both of his hands were in handcuffs and he was no longer resisting arrest; the deputies say that they did not do so. *Compare* Pannell Dep. at 57:15–16, *and* Pl.'s Resps. at 11, *with* Shindledecker Dep. at 68:11–18, Messinger Dep. at 69:19–70:1, *and* Ward Dep. at 73:21–74:2.

The timing of the deputies' final strikes against Mr. Pannell is a material fact because a reasonable factfinder could conclude that any use of force after both of Mr. Pannell's hands were cuffed was objectively unreasonable. Specifically, a fact-finder could conclude that once both of Mr. Pannell's hands were cuffed, he no longer "pose[d] an immediate threat to the safety of the officers or others" and he was no longer meaningfully able to "resist[] arrest or attempt[] to evade arrest by flight," both of which would weigh against a finding that it was reasonable to continue to use force against him. *See Graham*, 490 U.S. at 396; *see also Ingram v. Shipman-Meyer*, 241

7

F. Supp. 3d 124, 141 (D.D.C. 2017) (GK) ("The use of force on a suspect who has already been subdued is plainly excessive."); *Rosser v. District of Columbia*, No. 20-cv-2941, 2023 WL 11762552, at *10 (D.D.C. Jan. 3, 2023) (CRC) (collecting cases).

The United States argues that this Court should grant summary judgment because the evidence is so lopsided that no reasonable fact-finder could resolve the factual dispute about the timing of the deputies' final strikes in Mr. Pannell's favor, but this Court disagrees. The United States is correct that the evidence supporting Mr. Pannell's account is relatively thin, consisting of his own testimony and interrogatory response. *See* Pannell Dep. at 57:15–16; Pl.'s Resps. at 11. A fact-finder could also infer that when Mr. Pannell testified that he "was still being punched" when the deputies "put [him] in cuffs," he may have been referring to strikes that occurred while he was cuffed on *one* hand, rather than two. *See* Def.'s Objs. at 4 (quoting Pannell Dep. at 57:15–16). Accordingly, a fact-finder could certainly decide this case in favor of the United States if it disbelieved Mr. Pannell's testimony or inferred that Mr. Pannell's testimony about the use of force while he was cuffed was referring to a period before he was fully subdued. However, "[w]eighing credibility, resolving factual disputes, and drawing legitimate inferences are matters for the fact-finder" at trial, rather than for the Court at summary judgment. *Harris*, 776 F.3d at 915. This Court therefore agrees with Magistrate Judge Harvey that the United States' motion for summary judgment should be denied.

For all these reasons, the Court shall **ADOPT** Magistrate Judge Harvey's recommendation, subject to the revision discussed in the following section, and the Court shall **DENY** the United States' motion for summary judgment.

      **B.**    **Mr. Pannell's FTCA claim is properly resolved through a bench trial.**

The parties agree that Magistrate Judge Harvey's report and recommendation should be revised in one respect. *See* Def.'s Objs. at 2; Pl.'s Resp. at 2. The report and recommendation

8

states that the disputed issues of fact "should be decided by a jury." R. & R. at 24; *see also id.* at 20 (concluding that "[t]he jury should decide [the disputed] issues at trial"). However, the parties agree that Mr. Pannell's only remaining claim is an FTCA claim against the United States, and such claims must be "tried by the court without a jury." *See* 28 U.S.C. § 2402; *Spotts v. United States*, 562 F. Supp. 2d 46, 57 (D.D.C. 2008) (CKK). Accordingly, Mr. Pannell is not entitled to a jury trial on his FTCA claim against the United States. Instead, this matter is subject to resolution through a bench trial.

Accordingly, the Court shall adopt Magistrate Judge Harvey's report and recommendation subject to the following revisions: (1) all references to a "jury" shall be understood to refer more generally to a "fact-finder," and (2) all references to facts that should be "decided by a jury" shall be understood to refer to facts that should be "decided by the Court at a bench trial."

## IV. CONCLUSION

For the foregoing reasons, this Court **ADOPTS** Magistrate Judge G. Michael Harvey's [45] Report and Recommendation, subject to the revisions described in this Memorandum Opinion. Accordingly, it is **ORDERED** that the United States' [40] Motion for Summary Judgment is **DENIED**. The Court shall set a schedule for further proceedings by separate order.

Dated: March 2, 2026

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge